UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HECTOR RIVERA-FIGUEROA,

        Petitioner,

   v.                                    CAUSE NO. 3:22-CV-378-DRL-MGG

WARDEN,

        Respondent.

## OPINION AND ORDER

Hector Rivera-Figueroa, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC-21-11-241) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a cellphone in violation of Indiana Department of Correction Offense 121. Following a hearing, he was sanctioned with a loss of forty-five days earned credit time.

Mr. Rivera-Figueroa argues that he is entitled to habeas relief because the hearing officer denied the request to consider another inmate's statement claiming ownership of the cellphone. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

The administrative record includes a statement from another inmate claiming ownership of the cellphone. ECF 11-5. According to the hearing report, the hearing officer expressly considered the inmate's statement but observed that the conduct report said that the cellphone was found in Mr. Rivera-Figueroa's cell and that another inmate's ownership of the cellphone did not mean that Mr. Rivera-Figueroa did not possess it. ECF 11-7. Because the hearing officer expressly considered the other inmate's statement, this claim is not a basis for habeas relief.

Mr. Rivera-Figueroa argues that he is entitled to habeas relief because he did not receive adequate assistance from a lay advocate. "[D]ue process [does] not require that the prisoner be appointed a lay advocate, unless an illiterate inmate is involved or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992). Mr. Rivera-Figueroa's filings with this court and his administrative appeal demonstrate his literacy, and the charge of possessing a cellphone was not particularly complex. ECF 1; ECF 5; ECF 11-9; ECF 11-10. Though Mr. Rivera-Figueroa represents that his native language is Spanish, the hearing officer attested that he spoke English fluently at the hearing, and Mr. Rivera-Figueroa does not dispute this attestation. ECF 11-13. Therefore, the argument that he did not receive adequate assistance from a lay advocate is not a basis for habeas relief.

Mr. Rivera-Figueroa further argues that he is entitled to habeas relief because correctional staff did not tell him about his rights for the disciplinary hearing in Spanish. Though the right to procedural due process affords prisoners certain enumerated rights

for disciplinary proceedings, the right to notice of these rights prior to a disciplinary hearing is not included among them. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974); *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (warning against adding additional due process protections beyond those provided by *Wolff*). Further, the record indicates that Mr. Rivera-Figueroa is fluent in English, and the screening report signed by Mr. Rivera-Figueroa includes a list of rights pertaining to the disciplinary hearing. ECF 11-3. Therefore, this claim is not a basis for habeas relief.

If Mr. Rivera-Figueroa wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Hector Rivera-Figueroa leave to appeal *in forma pauperis*.

SO ORDERED.

November 18, 2022                              *s/ Damon R. Leichty*
                                               Judge, United States District Court